# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., ) | 1:11-cv-00033-JLT HC |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | |
| E. E. C. U., et al., ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| Respondents. ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM FOR COMPLAINT PURSUANT TO 42 U.S.C. § 1983 |
| | NO CERTIFICATE OF APPEALABILITY REQUIRED |

   Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 20, 2010, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).  On January 14, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 6).

   Petitioner alleges that he is in custody at Corcoran State Prison, Corcoran, California, serving a sentence of unspecified length as a result of a 2002 conviction for first degree murder and attempted murder in the Fresno County Superior Court.  However, Petitioner does not challenge either that conviction or sentence.   Instead, Petitioner raises two virtually indistinguishable grounds for relief in his petition: (1) the United States Postal Service has

refused to deliver Petitioner's mail to the California Supreme Court; and (2) the United States Postal Service is "actively involved in a scheme to defraud" Petitioner and to "deprive him of his right to address the injustices in the courts" by returning mail as undelivered that Petitioner had attempted to send to the state courts. (Doc. 1, pp. 3-6).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that the United States Postal Service has refused to deliver legal mail Petitioner intended to be sent to the California Supreme Court. As relief, Petitioner requests his immediate release from incarceration as well a damages in the amount of twenty billion dollars. (Doc. 1, p. 6). Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

///

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file;

3. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

4. No certificate of appealability is required in this case because Petitioner is not challenging a conviction or sentence.

IT IS SO ORDERED.

Dated:  **February 16, 2011**                         **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE